**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*


DIONNE R. DILLARD,                          *

      Plaintiff,                         *

v.

                               *          Case No.: GJH-19-1191

BMW FINANCIAL SERVICES
NA, LLC, *et al.*,                          *

      Defendants.                        *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

Plaintiff Dionne R. Dillard brought this civil action against Defendants BMW Financial Services NA, LLC ("BMW"), American Recovery ("American Recovery"), SIA, LLC ("SIA"), Primeritus Financial Services ("Primeritus"), and Final Notice Recovery ("Final Notice") based on the alleged improper repossession of her vehicle. ECF No. 6. Defendants have filed four separate Motions to Dismiss. ECF Nos. 13, 16, 19, 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendants' Motions to Dismiss are granted.

## I.    BACKGROUND[1]

On May 25, 2013, Plaintiff purchased a 2012 Volkswagen Passat from Defendant BMW and set up a payment plan to pay for the vehicle. ECF No. 1-1 at 1.[2] Plaintiff made a payment toward the vehicle as recently as March 22, 2019, but between the evening of April 10, 2019 and the morning of April 11, 2019, Defendants entered a privately-owned facility in order to

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1, and Supplemental Complaint, ECF No. 6, and are presumed to be true.
[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

repossess the vehicle. ECF No. 1 at 6; ECF No. 6 at 7. Plaintiff had no notice that her car would be towed and she had not given consent for Defendants to enter the parking facility. ECF No. 1 at 6; ECF No. 6 at 7. Defendant BMW's attempts to provide Plaintiff with notice of the repossession were sent to an improper address. ECF No. 1 at 6; ECF No. 6 at 7. Plaintiff's vehicle was released back to her around 2:00 p.m. on April 11, 2019, but when a representative from Defendant SIA returned the vehicle, Plaintiff noticed that it had been damaged. ECF No. 1 at 6; ECF No. 6 at 7; ECF No. 1-1 at 1. When Plaintiff refused to sign a release form for the vehicle until the damage could be resolved, the SIA representative was physically aggressive and verbally abusive toward her. ECF No. 1 at 6; ECF No. 6 at 7; ECF No. 1-1 at 1. Defendants have been nonresponsive to Plaintiff's concerns about the repossession, damage, and harassment. ECF No. 1 at 6; ECF No. 6 at 7.

On April 24, 2019, Plaintiff filed a Complaint against Defendants in this Court. ECF No. 1. The Complaint alleged that a federal question was the basis for this Court's jurisdiction, but when asked to cite the applicable federal law, Plaintiff listed "Maryland Code, Commercial Law § 12-1021(c)(1), § 12-1021(c)(2),§ 12-1021(d)," "violation of § 12-115 for 'self-help,'" and "Uniform Commercial Code 9." ECF No. 1 at 4. The Complaint's Civil Cover Sheet also alleged federal question jurisdiction, but it did not indicate the federal statutes under which Plaintiff brought her claims. ECF No. 1-3.

On May 28, 2019, recognizing that the Complaint alleged no basis for subject-matter jurisdiction, the Court provided Plaintiff with the opportunity to amend the Complaint "to provide brief, concise, and clear factual allegations establishing the basis for this Court's jurisdiction." ECF No. 5 at 4. On June 19, 2019, Plaintiff filed a Supplemental Complaint that again alleged a federal question as the basis for the Court's jurisdiction. ECF No. 6. In addition

to the statutes identified in the Complaint, the Supplemental Complaint identified "Maryland State Transportation Code, Section 21-10A-01(b)(2), Section 21-10A-04(A)(2)-(4), [and] Section 26-142.01" as the statutes at issue in her case. *Id.* at 5.

On August 6, 2019, Defendants American Recovery, SIA, and BMW filed Motions to Dismiss. ECF Nos. 13, 16. On August 8, 2019, Defendant Primeritus filed a Motion to Dismiss. ECF No. 19. On August 16, 2019, Defendant Final Notice filed a Motion to Dismiss. ECF No. 22. Plaintiff filed an opposition to the Motions on February 3, 2020, ECF No. 38, and Defendants American Recovery, SIA, and BMW filed replies on February 17, 2020, ECF Nos. 40, 41. Defendants Primeritus and Final Notice have not filed replies.

## II.    STANDARD OF REVIEW

Defendants have moved to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that the Court lacks subject-matter jurisdiction over the claims alleged in the Complaint and Supplemental Complaint. "A district court should grant a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, 887 F.3d 637, 645 (4th Cir. 2018) (quoting *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999)). "The burden of establishing subject matter jurisdiction rests with the plaintiff." *Demetres v. East West Constr.*, 776 F.3d 271, 272 (4th Cir. 2015). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Where jurisdiction "ceases to exist, the only

function remaining to the court is that of announcing the fact and dismissing the cause." *Steele Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 19 L.Ed. 264 (1868)). Although pleadings of self-represented litigants must be accorded liberal construction, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), liberal construction does not mean a court can ignore a clear failure to allege facts that set forth a basis for federal court jurisdiction, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

The Court lacks subject-matter jurisdiction over Plaintiff's claims because the Complaint and Supplemental Complaint allege no basis for the Court to exercise either federal question or diversity jurisdiction. Federal question jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). This case involves no such causes of action. Rather, the Complaint only cites to sections of the Commercial Law and Transportation articles of the Maryland Code and the Uniform Commercial Code ("UCC"). ECF No. 6 at 7. The Commercial Law and Transportation articles are state laws, and the UCC "is not a federal law or any other binding statutory body whatsoever; it is an aggregated statutory model, whose provisions may be codified by individual states." *Wilson v. Home Builders Fin. Inc.*, No. 9:11–790–CWH–BHH, 2011 WL 5024363, at *1 (D.S.C. Sept. 27, 2011) (citing *Palmetto Linen Serv., Inc. v. U.N.X., Inc.*, 205 F.3d 126 (4th Cir. 2000)); *see* MD. CODE ANN., COMM. LAW § 9-101 *et seq.* Moreover, even when liberally construing the Complaint and Supplemental Complaint, the allegations that Defendants unlawfully repossessed Plaintiff's vehicle, failed to provide notice of the

repossession or towing, damaged the vehicle, and harassed Plaintiff when she attempted to correct the property damage to her vehicle do not implicate any federal laws or the United States Constitution. At most, they amount to claims arising under Maryland statutory or common law. Thus, the Court lacks federal question jurisdiction. *See* 28 U.S.C. 1331.[3]

The Court also lacks diversity jurisdiction over Plaintiff's claims. District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). Importantly, diversity jurisdiction requires complete diversity between *all* parties. *See Banca Del Sempione v. Provident Bank of Maryland*, 85 F.3d 615 (4th Cir. 1996) (per curiam) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Here, the Complaint and Supplemental Complaint identify Plaintiff and Defendants Final Notice and SIA as citizens of Maryland, so this case lacks complete diversity and the Court therefore lacks diversity jurisdiction. Accordingly, the case must be dismissed for lack of subject-matter jurisdiction.[4]

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are granted. This case is dismissed.[5] A separate Order shall issue.

Date: <u>February    20, 2020</u>                    <u>         /s/                                      </u>
                                                        GEORGE J. HAZEL
                                                        United States District Judge

---

[3] With respect to subject-matter jurisdiction, Plaintiff's opposition states only that she "requests for the complaint to be amended to include clearly outlined claim for Federal Question therefore, resolving subject matter jurisdiction over the claims and allowing for supported dismissal of all motions claiming lack of subject matter jurisdiction." ECF No. 38 at 1. Plaintiff does not specify how she would amend her complaint to include a federal question, and in fact, the Court previously provided her such an opportunity. The Court will therefore deny Plaintiff's request to amend her complaint a second time.
[4] Defendants also contend that the case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for improper service of process. Because the Court concludes that it lacks subject-matter jurisdiction, and therefore must dismiss the case, *see Steele Co.*, 523 U.S. at 94, it will not address the service of process argument.
[5] The case is dismissed without prejudice to Plaintiff filing in the appropriate state court.